UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **DIANN AUGUSTINE** | : | **CASE NO.  3:22-CV-03472** |
| **VERSUS** | : | **JUDGE TERRY A. DOUGHTY** |
| **STATE FARM FIRE & CASUALTY CO., ET AL** | : | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM ORDER

Before the court is a Motion to Substitute party, whereby Tequenna Augustine seeks to be substituted as plaintiff following the death of plaintiff Diann Augustine.  Doc. 26.  For the reasons that follow, it is

**ORDERED** that on or before **June 17, 2024**, movant is to amend or supplement the Motion to Substitute to provide sufficient information with supporting documentation that would allow the court to determine proper substitution pursuant to the procedural mechanism found in Rule 25(a)(1) of the Federal Rules of Civil Procedure and in light of the substantive inheritance laws of the State of Louisiana; and

**FURTHER ORDERED** that movant comply with the procedural requirements of Rule 25(a)(3) of the Federal Rules of Civil Procedure with respect to the Motion to Substitute as amended and/or supplemented.

### Discussion

Movant Tequenna Augustine asserts that she is the sole heir of Diann Augustine.  Doc. 26, ¶ 3.  She moves for substitution under Fed. R. Civ. P. 25, on the understanding that she is the proper party to be substituted in Diann Augustine's stead.  *Id.*

1

Under Rule 25 of the Federal Rules of Civil Procedure, "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative." Fed. R. Civ. P. 25(a)(1). "Although Rule 25 is procedural; whether a deceased party's claim has been 'extinguished' and who is a 'proper party' for substitution are questions of substantive law." *Perron on behalf of MFJ v. Travis*, No. 20-221, 2023 WL 372064, at *1 (M.D. La. Jan. 24, 2023) (citing *Ransom v. Brennan*, 437 F.2d 513, 520 (5th Cir. 1971)).

The claims in this matter are based in Louisiana law,[1] and the court exercises diversity jurisdiction under 28 U.S.C. § 1332. Doc. 1. It is therefore appropriate to "make the determination regarding proper substitution 'pursuant to the procedural mechanism found in Rule 25(a)(1) of the Federal Rules of Civil Procedure and in light of the substantive inheritance laws of the State of Louisiana.'" *Coleman v. Anco Insulations, Inc.*, No. 15-821, 2017 WL 1496932, at *2 (M.D. La. Apr. 21, 2017) (quoting *Wilkerson v. Stalder*, 2013 WL 6665745, at * 1 (M.D. La. Dec. 17, 2013)).

Under Louisiana law, "When a party dies during the pendency of an action which is not extinguished by his death, his legal successor may have himself substituted for the deceased party, on ex parte written motion supported by proof of his quality." La. Code Civ. P. art. 801. The "legal successor" in this context means

> (1) The survivors designated in Article 2315.1 of the Civil Code, if the action survives in their favor; and
>
> (2) Otherwise, it means the succession representative of the deceased appointed by a court of this state, if the succession is under administration therein; or the heirs and legatees of the deceased, if the deceased's succession is not under administration therein.

---

[1] Plaintiff Diann Augustine brought state-law claims for breach of contract and breach of statutory obligations stemming from plaintiff's insurance claims for hurricane damage.

*Id.* "Proof of quality" means something "such as an affidavit of death and heirship or a judgment of possession." *Kemper v. Don Coleman, Jr., Builder, Inc.*, 746 So. 2d 11, 15 (La. App. 2 Cir. 1999), *writ denied*, 752 So. 2d 861 (La. 2000). *See* La. Code Civ. P. art. 2821 (Official certificates issued by the proper public officer, which evidence the deceased's death, marriage, and "all other facts necessary to establish the relationship of his heirs," may also be "proof of quality.").

Considering the foregoing, the court is unable to grant the Motion to Substitute at this time for the following reasons. Assuming, without determining, that Tequenna Augustine is the "proper party" and "legal successor" within the meaning of Fed. R. Civ. P. 25 and La. Code Civ. P. art. 801, movant did not supply sufficient proof of quality. She attached to her motion plaintiff's death certificate and an affidavit of heirship, which was executed solely by the affiant Tequenna Augustine. Doc. 26, att. 1, p. 1. However, an affidavit submitted to establish someone's status as an heir "shall be executed by two persons having knowledge of the facts sworn to." La. Code Civ. P. art. 2822. Thus, the attachments to the motion were not sufficient proof of quality.

In addition, it appears that the proper "legal successor" will be "the succession representative of the deceased appointed by a court of this state, if the succession is under administration therein; or the heirs and legatees of the deceased, if the deceased's succession is not under administration therein." La. Code Civ. P. art. 801(2). *Also* art. 685. The motion does not indicate whether Diann Augustine's succession is under administration, and if so whether a legal representative has been appointed.

Furthermore, Rule 25 requires: "A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4." Fed. R. Civ. P. 25(a)(3). The motion fails to meet these procedural requirements of Rule 25, insofar as

3

a notice of hearing did not accompany the motion to substitute and movant offered no proof that either the motion or a notice thereof was served on nonparties as provided under Fed. R. Civ. P. 4.

## Conclusion

As movant, Tequenna Augustine has failed to establish who is the proper party to be substituted for Diann Augustine and has failed to follow Rule 25's procedural requirements, meaning the Motion to Substitute cannot be granted in its current state. Consequently, the Motion to Substitute must be amended or supplemented with sufficient information and appropriate supporting documentation to allow the court to identify the proper party to be substituted for Diann Augustine and must otherwise comply with the procedural requirements of Rule 25.

**THUS DONE AND SIGNED** in chambers this 3rd day of June, 2024.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**